JOSHUA Z. CROSSLAND vs. CALEB J. FREEMAN, trading under the firm name of Freeman and Weber.

1.  LIBEL AND SLANDER—PLEADING—INDUCEMENT.

When the words alleged to be libelous are not themselves prima facie actionable, it is necessary in the inducement to set forth, extrinsic matter to show that they are actionable, and then by innuendo set forth the fixed meaning the words should bear.

2.  LIBEL AND SLANDER—PLEADING—"INNUENDO."

The purpose of the "innuendo" is to explain the words in the alleged libel and to give them their proper meaning, but not to enlarge the words beyond their natural meaning, unless there is an averment of introductory matter with which they are connected.

(*December* 16, 1918.)

RICE and HEISEL, J. J., sitting.

*Levin Irving Handy* for plaintiff.

*John Biggs* and *Henry R. Isaacs* for defendant.

Superior Court for New Castle County, November Term, 1918.

SUMMONS CASE, No. 55, May Term, 1917.

Action by Joshua Z. Crossland against Caleb J. Freeman, trading as Freeman and Weber, for libel. On demurrer to the declaration. Demurrer sustained.

It is averred in the declaration, in substance, among other things, that—

The defendant "contriving wickedly and maliciously to injure the said plaintiff in his said name, fame and credit and to bring him into public scan-

dal, infamy and disgrace with and amongst all his neighbors and other good and worthy citizens of the said state and to cause it to be suspected and believed by those neighbors and citizens that he, the said plaintiff, was guilty of the offences and misconduct hereinafter mentioned to have been charged upon and imputed to the said plaintiff, and to vex, harass, oppress, impoverish and wholly ruin the said plaintiff heretofore, at, etc., on the twenty-ninth dayof March, A. D. 1917, falsely, wickedly and maliciously did compose and publish and caused and procured to be published of and concerning the said plaintiff, a certain false scandalous, malicious and defamatory libel in a certain newspaper known as 'The New Era,' containing, amongst other things, the false, scandalous, malicious, defamatory and libelous matter following, of and concerning the said plaintiff, that is to say:    *    *    *

"The farmers of the community during the late fall and early winter suffered greatly from the depredations of an organized gang of chicken thieves, and at least $1,000 worth of poultry was stolen and hauled away from here at night.

"The gang of which it has been learned beyond a shadow of doubt that Lewis was the brains, were well organized (meaning the gang of chicken thieves were well organized) and had a standing arrangement (meaning that said gang of chicken thieves had a standing arrangement) which had been made by Lewis with Deputy Sheriff, Joshua Z. Crossland (meaning the plaintiff) to procure a team (meaning a horse and carriage from the livery stable kept by the said plaintiff in the town of Middletown) at any time with which to haul the loot away (meaning that the said plaintiff had agreed with the said Lewis and the said organized gang of chicken thieves to furnish to them the means to carry away and conceal the goods which might be at any time stolen by the said gang).    *    *    *

"Lewis came into this community more than a year ago and would positively not work, but spent the summer in 'bootlegging,' and was known to have hired a team almost every evening for the purpose (meaning that he hired the team from the plaintiff for the purpose of engaging in illegal liquor selling).    *    *    *"

By means of the committing of which said several grievances by the said defendant as aforesaid, the said plaintiff hath been and is greatly injured, etc.

RICE, J.: The alleged published statement is equivocal and ambiguous.

[1]    The plaintiff in his declaration avers that by publishing the alleged libelous article "the defendant caused it to be suspected and believed by his neighbors that he, the plaintiff, was guilty of the offences and misconduct hereinafter mentioned," but he does not aver the particular offence which he claims the defendant imputed to him in the publication. When the words themselves are not prima facie actionable it is necessary in the inducement to set forth extrinsic matter to show that they are

actionable. Then having stated the extrinsic matter the plaintiff may by innuendo set forth the definite or fixed meaning which he thinks the words ought to bear.

[2] The purpose of the innuendo is to explain the words in the alleged libel and give them their proper meaning. The innuendo cannot be used to enlarge the words beyond their natural meaning, unless there is an averment of introductory matter with which they are connected. Then equivocal or ambiguous words may have fixed to them a defamatory meaning beyond their ordinary import.

We are of the opinion that the demurrer should be sustained for the reason that the plaintiff in his declaration does not allege any offence with which he claims the defendant charged him or imputed to him in the publication as alleged.

The demurrer is sustained.